# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON  DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:06CR00025 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **SEAN CHRISTOPHER OSBORNE,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Sean Christopher Osborne, Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleging among other things that he is entitled to be resentenced in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013).  After reviewing the defendant's submissions and the record, I will summarily dismiss the § 2255 motion as untimely filed.[1]

I

In April of 2006, a grand jury of this court returned an Indictment charging Sean Christopher Osborne and his codefendant with three counts:  conspiracy to

---

[1]  Under Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion, any annexed exhibits, and the record of prior proceedings" that the defendant is not entitled to relief.

rob a pharmacy (Count One), armed robbery of a pharmacy (Count Two), and possession of Oxycontin with intent to distribute (Count Three). Osborne pleaded guilty to Counts Two and Three and was convicted of Count One after a jury trial.

At sentencing, I adopted the Presentence Investigation Report ("PSR") findings that Osborne's grouped offenses presented a Base Offense Level of 20 under § 2B3.1(a) and the facts warranted a one-level increase under USSG § 2B3.1(b)(6) for stealing controlled substances and a two-level increase under USSG § 3C1.1 for obstruction of justice. I also found that the evidence at trial supported a three-level enhancement under § 2B3.1(b)(2)(E) for "brandishing" a weapon, for a Total Offense Level of 30. I also adopted the PSR finding that Osborne's prior convictions represented a Criminal History Category III, giving him an advisory custody range of 121 to 151 months. I sentenced Osborne to 151 months in prison, and the Judgment was affirmed. *United States v. Osborne*, 514 F.3d 377 (4th Cir.), *cert. denied*, 553 U.S. 1075 (2008).

Osborne signed and dated his § 2255 motion on October 7, 2013. He alleges the following grounds for relief: (1) counsel provided ineffective assistance by failing to object to the Criminal History Category; (2) the court erroneously assigned a criminal history point to Osborne's prior shoplifting offense; and (3) the enhancements of his sentence for brandishing a dangerous weapon and stealing a

controlled substance were based on improper judicial factfinding in light of *Alleyne.*

The court advised Osborne that his motion appeared to be untimely under § 2255(f) and would be summarily dismissed on that ground unless he provided additional information or argument demonstrating that his claims should be addressed on the merits. Osborne has responded, asserting that his claims are timely filed under § 2255(f)(3) because he filed them within one year of the *Alleyne* decision and he is allegedly actually innocent of the sentence he received. *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  If the district court gives the defendant notice that the motion appears to be untimely and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion.  *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Osborne's § 2255 motion is clearly untimely under § 2255(f)(1).  His conviction became final on May 27, 2008, when the Supreme Court denied his petition for a writ of certiorari.  *See Clay v. United States*, 537 U.S. 522, 527 (2003)   Osborne's one-year window to file a timely motion under § 2255(f)(1) expired on May 27, 2009, and he did not file his claims within that time period.

Osborne first argues that his § 2255 motion is timely under § 2255(f)(3), based on the Supreme Court's decision in *Alleyne*.  This argument has no merit.  In *Alleyne*, the Supreme Court held that any fact, other than a prior conviction, that increases the statutory minimum punishment must be charged in the indictment and proved beyond a reasonable doubt. 133 S. Ct. at 2155, 2162-63. The Court expressly cautioned that the *Alleyne* holding "does *not* mean that *any* fact that influences judicial discretion must be found by a jury."  *Id.* at 2163 (emphasis added).  Thus,

>     although judicially determined facts are no longer relevant after *Alleyne* to deciding the applicable mandatory minimum, the factual

> findings needed to calculate a defendant's advisory Guidelines range
> are still within the district court's province.

*United States v. Holder*, No. 13-4269, 2014 WL 57798, at *1 (4th Cir. Jan. 8, 2014) (unpublished) ("*Alleyne* had no effect on Guidelines enhancements").

The sentencing enhancements that Osborne challenges affect only the advisory guidelines calculations and not any statutory mandatory minimum punishment. Therefore, *Alleyne* does not provide any legal basis for finding Osborne's claims meritorious or timely under § 2255(f)(3). Osborne does not demonstrate that his § 2255 claims are timely under § 2255(f)(2), based on removal of a constitutional impediment to filing, or under § 2255(f)(4), based on new facts. Therefore, he fails to show that his § 2255 motion is timely filed under any subsection of § 2255(f).

Osborne also argues that the Supreme Court's decision in *McQuiggin* should prevent dismissal of his § 2255 motion on a technicality such as untimeliness. He is mistaken.

An otherwise time-barred defendant can be entitled to equitable tolling only in "'those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party.'" *Hill*, 277 F.3d at 704. Defendant must show that: (1) he pursued his rights diligently, and (2) some extraordinary circumstances precluded a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In *McQuiggin*, the Supreme Court

held that a "convincing showing" of actual innocence can also provide such a "gateway" to federal habeas review of claims filed outside the one-year statute of limitations. The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" 133 S. Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Osborne does not show that any extraordinary event or situation prevented him from filing a timely § 2255 challenge so as to warrant equitable tolling of the filing period. He also fails to challenge the validity of his guilty plea or make any showing of new evidence on which jurors would likely find him not guilty of the conspiracy offense. Osborne merely asserts that he is serving an erroneously calculated sentence. Such an argument is not cognizable as a gateway claim of actual innocence to overcome a procedural default such as untimely filing. *See United States v. Pettiford*, 612 F.3d 270, 285 (4th Cir. 2010) (holding that only "actual innocence of the predicate crimes" can overcome procedural default of a challenge to a sentence enhancement based on prior convictions). Thus, Osborne fails to demonstrate that equitable tolling is warranted under *Holland* or *McQuiggin*.

For the reasons stated, I find that Osborne's § 2255 motion must be summarily dismissed as untimely filed. A separate Final Order will be entered herewith.

DATED: March 12, 2014

/s/ James P. Jones
United States District Judge